Bernard Brothers, Inc., Appellee, v. May H. Deibler and J. B. Deibler, Appellants.

Gen. No. 10,026.

court at the February term, 1945. Heard in this Opinion filed July 11, 1945. Opinion modified and rehearing denied August 21, 1945. Released for publication August 21, 1945.

MARVIN WALLACH, of Chicago, for appellants.

JOHN TONE KELLY, of Chicago, and HALL & HULSE, of Waukegan, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On the 18th of June 1940, May H. Deibler and J. B. Deibler entered into a lease with Bernard Bros., Inc., for a building located at Nos. 22 and 24 South First street in Highland Park, Illinois. Said building was to be used for automobile showrooms and garage. The lease was dated July 1, 1940, and expired on the 1st day of July 1945. The rent for the building was $250 per month.

The 15th clause of said lease provides that in the event of a failure of the lessee to pay the monthly rent, as provided, then the lessor could take judgment by confession for the amount of rent due and unpaid. The lessees became in arrears in the payment of rent and the lessor took judgment by confession in the municipal court of Cook county against the lessees for the unpaid rent. The Bernard Bros., Inc., entered a motion to vacate and set aside this judgment. They claimed they had been compelled on account of war measures of the federal government to discontinue

their business, and the lease had been terminated by operation of law. The trial court vacated the judgment. The Deiblers prosecuted an appeal to the Appellate Court. That court reversed the holding of the circuit court and certified the case to the Supreme Court, as involving a question of law of importance which should be passed upon by the Supreme Court. The Supreme Court affirmed the decision of the Appellate Court, and held that the lease was valid and that Bernard Bros., Inc., had not shown a valid defense to the action upon the lease. *Deibler v. Bernard Bros., Inc.*, 385 Ill. 610.

During the pendency of the appeal, the Bernard Bros., Inc., brought a suit in Lake county for an injunction to restrain the Deiblers from taking further judgment against them for alleged unpaid rent. The court issued a temporary injunction restraining the Deiblers from taking any further action against Bernard Bros., Inc., for rent until the further order of the court.

The pleadings are rather voluminous, but summarized are: In Jan. 1945, the Deiblers entered a motion in said injunction suit to dissolve the injunction entered by the said court on the 10th of June 1944, wherein these defendants were restrained from confessing further judgment under the lease of the defendant herein. "These defendants further move for a rule on the plaintiff to proceed with the taking of testimony and to close proof within a short day hereafter; since no evidence has been offered by plaintiff since July 7, 1944, or in the alternative to strike the evidence and for judgment as the material proof so far offered is in sharp conflict with the material allegations of the complaint."

The court overruled the motion to dissolve the injunction, but sustained that part of the motion wherein the plaintiffs were required to close their proof before the master within a short time. It is from this order that appellants, have perfected an appeal to this court.

The abstract fails to show the stipulation that was entered into between the parties on Oct. 30, 1944, wherein the judgment by confession that Deiblers obtained against the Bernard Bros., Inc., in the circuit court of Cook county for $5,426.33, for rent accruing from Oct. 1, 1942, to May 31, 1944, together with interest and costs, had been vacated and set aside upon the payment by Bernard Bros., Inc., to Deiblers and their attorney, the amount of the judgment and costs. Said sum to be held and distributed as the rights of the parties are declared by the circuit court of Lake county.

The appellants contend that the court erred in not dissolving the injunction, or increasing the bond of the plaintiffs. The decree abstracted by the appellant, omitted one pertinent paragraph. As before stated, the court overruled appellants' motion to dissolve the injunction and sustained defendants' motion for a rule on Bernard Bros., Inc., to close their proof before the master in chancery in which the case had been re-referred for further hearing. Part of the decree is as follows: "IT IS, THEREFORE, ORDERED by the court that the portion of said motion seeking to dissolve said injunction and for judgment for defendants be, and the same is hereby, denied, and the portion of said motion requesting a rule upon plaintiff to close proofs be, and the same is hereby, granted.

"IT IS, THEREFORE, ORDERED that the within cause be, and the same is hereby, re-referred to Eugene M. Runyard, Master in Chancery of this Court, for further hearing.

"IT IS FURTHER ORDERED that the plaintiff be, and it is hereby, ordered to close its proofs before said Master in Chancery Eugene M. Runyard, within thirty (30) days from this date, and the defendants, May H. Deibler and J. B. Deibler, are hereby ordered to close their proofs in this cause before said Master in Chancery within thirty (30) days after the date upon which plaintiff closes its proofs."

■■ It will be observed in the last paragraph of the decree just quoted, that the court entered a rule on the plaintiffs to close their proof within 30 days from the date of entry of the decree. In granting, or vacating an order for injunction, the trial court is vested with large discretionary power. Unless a court of review finds that, that discretion has been abused, the order will not be set aside. Under the circumstances in this case (by the court's ordering that the proof be closed within 30 days), we conclude the court did not err in refusing to increase the bond of the plaintiff in the injunction suit, or to vacate the order for injunction.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*