(No. 34052.—)

AINSLEY E. HORNEY, Appellant, *vs.* MICHAEL T. HAYES *et al.*—(EDMUND J. WALSH, Appellee.)

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

180

GEORGE Q. M. ST. GEORGE, of Chicago, for appellant.

JOHN A. BUSSIAN, and WILLIAM M. DOTY, both of Chicago, for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The plaintiff, Ainsley E. Horney, who held a certificate of beneficial interest in a land trust, assigned it to defendant Michael T. Hayes as security for a loan. The loan was not repaid at maturity; and Hayes, proceeding under a power of sale conferred by the assignment, sold the certificate to defendant Edmund J. Walsh. The plaintiff thereafter brought suit in the circuit court of Cook County to set aside the sale and certain subsequent conveyances, alleging that the loan was usurious, that the sale was fraudulent, and that the transaction constitutes a mortgage of real estate, within the meaning of the statute requiring foreclosure with right of redemption. (Ill. Rev. Stat. 1955, chap. 95, par. 23.) The cause was referred to a master, who found that the loan was usurious, but that Walsh was a *bona fide* purchaser for value, that the sale was not fraudulent, and that the certificate was personal property, a sale of which does not come within the purview of the statute. Plaintiff's exceptions to the report were overruled, and a decree was entered finding usury, awarding the plaintiff a judgment against Hayes·for $600, and dismissing the suit in so far as it sought to set aside the sale. Plaintiff appeals from those portions of the decree which deny relief. The appeal, to which defendant Hayes was not made a party, is brought directly to this court on the theory that a freehold is involved.

It appears that on November 1, 1948, plaintiff conveyed an apartment building to The Trust Company of Chicago in trust, under the terms of which the trustee was vested with the entire legal and equitable title in fee, and the interest

of the beneficiary was expressly declared to be personal property, assignable and transferable as such. The instrument provided that the beneficiary should have a power of direction to deal with the title and to manage and control the property; that he should have the right to receive the proceeds from rentals, mortgages, sales, or other disposition of the premises; that in case of death his interest should pass to his executor or administrator, and not to his heirs; and that no beneficiary should have any right, title, or interest in the real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds.

On April 3, 1950, the plaintiff, who had become involved in financial difficulties, borrowed $3000 from defendant Hayes, agreeing to repay the latter the sum of $4000 on or before September 1, 1950. At that time the property held in the trust was subject to a first mortgage for $28,500 and a second mortgage for $6500. As security for the loan from Hayes the plaintiff assigned his certificate of beneficial interest, and executed an instrument providing that "In the event of the failure of said Ainsley E. Horney to pay said Michael T. Hayes the sum of $4,000.00 on or before September 1, 1950, the latter party shall have the full right and privilege to sell said beneficial interest or the land held in said Trust No. 7185 at public or private sale to satisfy said debt, and the costs, charges and fees of such sale, turning over the remainder of the purchase price, if any, to said Ainsley E. Horney." Immediately upon completion of this transaction the plaintiff revoked the authority of the trust company to collect rents, and thereafter collected them himself.

When the loan matured on September 1, the first and second mortgages on the trust property were in default, mechanics' liens had accumulated of record, and operating and maintenance expenses of the building, as well as the trustee's fees, remained unpaid. At plaintiff's request

Hayes granted an extension of the loan for thirty days, in consideration of $100. Payment was not made on expiration of the extended period, and on October 13 Hayes notified plaintiff that the loan was in default.

In the latter part of that month Hayes's attorney inquired of another attorney, Thomas Poynton, whether he knew of anyone who would be interested in purchasing the certificate of beneficial interest. Poynton later mentioned the matter to defendant Walsh, a stranger to the property who had never before heard of either Hayes or the plaintiff. Walsh examined the real estate, the certificate, the rent list and other pertinent information, and on October 31 he agreed to pay $3500 to Hayes for the certificate, subject to giving plaintiff a further opportunity to raise the money. On November 1 Hayes notified the plaintiff in writing that he had arranged to sell to Walsh "all of my rights powers privileges and beneficial interest" in the certificate, and that the sale "will be executed shortly."

On November 2, Hayes's attorney called on the attorney for plaintiff and informed him that unless Horney produced the money not later than the following afternoon the sale would be made. Plaintiff again failed to pay, and on November 3, at four o'clock in the afternoon, the sale to Walsh was consummated at The Trust Company of Chicago. Walsh thereupon paid a contractor's note in the amount of $2215, and the delinquent installments on the first and second mortgages in the amount of $1019.81. He also directed the trust company to convey the real estate to his nominee, one Maud Granger, who in turn conveyed to defendant Lawndale National Bank, as trustee for the benefit of Walsh. After unsuccessful efforts to effect a redemption or reconveyance by negotiation, the present suit was filed on November 9, 1950.

Since title was conveyed by the trust company pursuant to directions by Walsh, and the complaint seeks to set aside such conveyance, a freehold is involved giving this

court jurisdiction on direct appeal. The case is distinguishable from *Duncanson* v. *Lill,* 322 Ill. 528, wherein the trustee had not conveyed and the relief sought concerned only rights to the beneficial interest in the trust.

The contention that the sale of the certificate of beneficial interest was in violation of the statute concerning powers of sale in mortgages cannot be sustained. That act (Ill. Rev. Stat. 1949, chap. 95, par. 23,) provides "That no real estate within this state, shall be sold by virtue of any power of sale, contained in any mortgage, trust deed or other conveyance in the nature of a mortgage, executed after the taking effect of this act; but all such mortgages, trust deeds or other conveyances in the nature of a mortgage, shall only be foreclosed, in the manner provided for foreclosing mortgages containing no power of sale; and no real estate shall be sold to satisfy any such mortgage, trust deed or other conveyance in the nature of a mortgage, except in pursuance of a judgment or decree of a court of competent jurisdiction." It is evident from the terms of the statute that it applies only to sales of real estate. By the conveyance in trust dated November 1, 1948, the entire legal and equitable title to the property was expressly vested in the trustee, and the interest of the beneficiary was declared to be personal property and might be assigned and transferred as such. It has been repeatedly held that beneficial interests under such trusts are personal property and not real estate. (*Sweesy* v. *Hoy,* 324 Ill. 319; *Duncanson* v. *Lill,* 322 Ill. 528; *Berning* v. *Berning,* 320 Ill. App. 686; *Chicago Title & Trust Co.* v. *Mercantile Bank,* 300 Ill. App. 329.) It follows that the sale of the certificate by Hayes, being a sale of personal property only, did not fall within the prohibitions of the statute relied upon.

*DeVoigne* v. *Chicago Title and Trust Co.* 304 Ill. 177, cited by the plaintiff, is not controlling here. In that case the owners of a lot had entered into a contract for the

construction of a house, but were unable to pay for the work as it progressed. In order to give the contractors security they created a trust vesting the entire legal and equitable title in the trustee and providing that if they should pay the balance due the contractors within sixty days after completion of the work the trustee should reconvey to them but that if such payment were not made the trustee should sell the land at public auction. Although we decided that the trust provisions were superseded by subsequent agreements between the parties concerned, we observed with reference to the trust that it was intended as a mortgage and was void as a device to circumvent the statute requiring an opportunity to redeem. The pledge in the case at bar is on an entirely different footing, however. It does not provide for sale of the real estate, as in the *DeVoigne case,* nor was the trust itself created as security for a debt. The transaction between plaintiff and Hayes occurred subsequent to the creation of the trust, and concerned only the beneficial interest represented by the certificate.

Likewise without merit is plaintiff's argument that the sale was subject to the three-day notice requirement contained in the statute relating to sales of property under powers of sale contained in chattel mortgages. (Ill. Rev. Stat. 1949, chap. 95, par. 27.) The statute deals only with sales under chattel mortgages. The certificate of beneficial interest involved in this case is obviously not a chattel, nor does the instrument pledging it to defendant Hayes constitute a chattel mortgage.

The contention remains that fraud was shown by the inadequate price and by the other circumstances attending the sale. The master found that the property in the trust had a market value of $55,000. It was subject to mortgages and mechanics' liens in the amount of $37,215, leaving a net value of approximately $17,785. We cannot say that under the circumstances of this case the inadequacy of

price in itself is sufficient to compel a finding of fraud. It has long been recognized that property does not bring its full value at forced sales, and that price depends upon many circumstances from which the debtor must expect to suffer a loss. (See *Comstock* v. *Purple,* 49 Ill. 158, 168.) In the present case both the first and second mortgages were in default, and contractor's bills remained unpaid. It is not disputed that the plaintiff at all times retained the right to sell the certificate himself, and to repay the loan out of the proceeds; and the evidence shows he made attempts to do so. His efforts, however, were not successful. After the extended time had expired he was notified, on October 13, that the loan was in default and that Hayes was "taking over" under the agreement. On November 1 he was again notified of a contemplated sale, and the following day his attorney was told that a sale would occur on November 3 if the loan were not repaid. Yet the plaintiff at no time made payment or tender to repay the loan or to redeem from the sale.

While the plaintiff has no doubt suffered a hardship, "it is the fault of the contract of the parties and not of the law." (*Weld* v. *Rees,* 48 Ill. 428, 435.) To afford protection against sacrifice the agreement could have provided that the certificate should bring a specific sum, or a certain portion of its appraised value, before it could be sold. But no such provisions were included. Instead, the agreement conferred a full right to sell at public or private sale; and in the absence of fraud the sale by Hayes was a valid exercise of such right. (See *McDowell* v. *Chicago Steel Works,* 124 Ill. 491.) While fraud may be established by circumstances as well as by direct testimony, it must be proved by clear and convincing proof. In this case the master, who heard the evidence, found there was no collusion or fraud in the transaction; and the chancellor, who considered the evidence on plaintiff's exceptions, approved such findings of the master. In such cases this

court will not disturb the findings unless they are manifestly against the weight of the evidence. (*Rose* v. *Dolejs*, 1 Ill.2d 280.) We have carefully considered the plaintiff's contentions and arguments, and conclude that the decree is not against the manifest weight of the evidence. It will accordingly be affirmed.

· *Decree affirmed.*