NATHAN SHEFNER, Plaintiff-Appellant, *v.* UNIVERSITY NATIONAL BANK *et al.*, Defendants-Appellees.

First District (4th Division)    No. 62786

Opinion filed July 28, 1976.—Rehearing denied August 12, 1976.

Nathan Shefner, of Chicago, for appellant, *pro se.*

Moses, Gibbons, Abramson & Fox, of Chicago (George H. Masek, of counsel), for appellee University National Bank.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Nathan Shefner, the plaintiff, filed a complaint for an injunction and other relief against defendants, University National Bank (hereinafter UNB) and Exchange National Bank (hereinafter ENB). The trial court entered an order denying plaintiff's motion for a temporary injunction so he filed an interlocutory appeal, but this court dismissed that appeal for

want of prosecution. Thereafter, plaintiff filed the instant appeal, and the sole issue raised on review is whether the trial court erred when it dismissed plaintiff's complaint for want of equity.

The facts reveal that plaintiff was the beneficial owner of certain vacant real estate located in Cook County, Illinois, and that legal title to the property was held by ENB as trustee under Trust Number 19887, a land trust. On December 15, 1971, plaintiff's representative, Larry Stone, submitted a letter to UNB requesting a loan in the amount of $200,000. The letter stated that the loan would be a first mortgage lien on the real estate, that plaintiff and his son would guarantee the loan, and that the beneficial interest in the land trust would be assigned to UNB for collateral purposes. Then, on December 30, 1971, UNB issued its letter of commitment to lend plaintiff $200,000. This loan also stated the terms under which the loan would be made, including the provision that 100 percent of the beneficial interest would have to be assigned to the bank, and listed the documents that were required to consummate the transaction. Thereafter, UNB placed $224,000 in a loan escrow and named Chicago Title and Trust Company as trustee. Then the promissory note signed by plaintiff and his son along with the assignment of the beneficial interest in the land trust were delivered and approved by the trustee and the loan proceeds were paid.

The promissory note matured on January 20, 1974, and the plaintiff and his son executed a renewal note in the sum of $234,000, secured by the original collateral and payable on April 22, 1974. On October 17, 1974, a new note in the amount of $300,000 was executed by plaintiff and his son and secured by the same collateral. Plaintiff also, at defendant's request, procured and paid for a new owners policy setting forth the current state of the title to plaintiff's property. In June of 1975 UNB tendered to plaintiff a notice of public sale. The notice provided that plaintiff's promissory note was past due and delinquent and had been declared in default, that a public sale was to be held on July 21, 1975, and that unless plaintiff tendered the full indebtedness, the property would be sold to the highest bidder. After plaintiff's interlocutory appeal was dismissed for want of prosecution, he filed this appeal challenging that part of the trial court's order dismissing his complaint for want of equity.

■■ The first question to be resolved is whether the security for the loan, the beneficial interest in the land trust, was a first mortgage on the real estate. The plaintiff argues that the letter sent by his representative to UNB clearly establishes that the loan transaction was to be a first mortgage on the trust property. Therefore, plaintiff contends that since the loan was a first mortgage, he has a statutory right of redemption. The bank, on the other hand, contends that the financial transaction was a simple collateral note secured by assignment of the beneficial interest in

the land trust. The law is well settled in Illinois that the beneficial interest under a land trust is personal property (*Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50, 236 N.E.2d 425), and the assignment of that beneficial interest to secure a note does not convert it into a real estate mortgage so as to permit a right of redemption. (*Horney v. Hayes* (1957), 11 Ill. 2d 178, 184, 142 N.E.2d 94.) In *Horney*, our supreme court passed on this question by stating:

> "The contention that the sale of the certificate of beneficial interest was in violation of the statute concerning powers of sale in mortgages cannot be sustained. That act [citation], provides 'That no real estate within this State, shall be sold by virtue of any power of sale, contained in any mortgage, trust deed or other conveyance in the nature of a mortgage, executed after the taking effect of this act; but all such mortgages, trust deeds or other conveyances in the nature of a mortgage, shall only be foreclosed, in the manner provided for foreclosing mortgages containing no power of sale; and no real estate shall be sold to satisfy any such mortgage, trust deed or other conveyance in the nature of a mortgage, except in pursuance of a judgment or decree of a court of competent jurisdiction.' It is evidence from the terms of the statute that it applies only to sales of real estate. By the conveyance in trust dated November 1, 1948, the entire legal and equitable title to the property was expressly vested in the trustee, and the interest of the beneficiary was declared to be personal property and might be assigned and transferred as such. It has been repeatedly held that beneficial interests under such trusts are personal property and not real estate. [Citations.] It follows that the sale of the certificate by Hayes, being a sale of personal property only, did not fall within the prohibitions of the statute relied upon." 11 Ill. 2d 178, 183.

Likewise is *Quinn v. Pullman Trust & Savings Bank* (1968), 98 Ill. App. 2d 402, 405, 240 N.E.2d 791, where this court followed *Horney* and held:

> "A land trust may not be used as a device to circumvent the right of redemption where the transaction of creation of the land trust and borrowing of funds with the simultaneous pledging and assignment of the beneficial interest are one transaction. However, where, as here, the trust contains no provision for sale of the real estate subject-matter on default in a debt, where it is set up for purposes other than as a security for a debt, where the pledge of the beneficial interest is subsequent to the creation of the trust, and where the pledge security transaction is of the trust beneficial interest only, the transaction is valid and will not be construed to be a real estate mortgage. [Citation.] Otherwise, if these four tests

are not complied with, the transaction may constitute a real estate mortgage with the attendant right of redemption. [Citation.] Horney is determinative here."

The facts in the instant case reveal, and there is no dispute among the litigants, that plaintiff assigned his beneficial interest, which was personal property, not real property, in a land trust as collateral to secure a debt. Plaintiff defaulted on the note and his beneficial interest was sold. In order to be entitled to a right of redemption, real estate must first be involved and that was not the case here. Moreover, the trust contained no provision for the sale of the real estate subject matter on default in a debt, the trust was set up for purposes other than as security for a debt, the pledge of the beneficial interest was subsequent to the creation of the debt, and the pledge security transaction is only of the trust beneficial interest. Given these facts, the transaction was valid and will not be construed to be a real estate mortgage. Consequently, we hold that the sale of plaintiff's beneficial interest in the land trust was a sale of personalty and, as such, does not entitle the litigant to a right of redemption.

After holding that plaintiff has no right of redemption, we must determine if the judge erred by dismissing his complaint for want of equity. In order to authorize an injunction, there must be a clear showing of violation of the rights of the complainant and it must also appear that there is a specific injury by reason of such violation. (*Triangle Sign Co. v. Randolph & State Property, Inc.* (1957), 16 Ill. App. 2d 21, 27, 147 N.E.2d 451; *Summit Electric Co. v. Mayrent* (1974), 17 Ill. App. 3d 545, 550, 308 N.E.2d 313.) In addition, the allegations in the complaint must clearly and distinctly show that a substantial injury will be sustained. The facts in this case do not establish that plaintiff's rights were violated, nor do they establish that he was injured. Plaintiff signed a note, defaulted on the note, even though extensions were granted, by failing to make payments, and his beneficial interest was sold after UNB tendered a notice of sale. UNB provided plaintiff with an opportunity to retain his interest in the land trust by renewing the note on one occasion and by permitting plaintiff to execute a new note when he defaulted on the renewed note. Then the plaintiff's beneficial interest was sold, after being notified and given an opportunity to purchase the property any time prior to the sale. Here, plaintiff failed to liquidate a legal debt and defendant sold his beneficial interest to extinguish his indebtedness. And, although plaintiff may have suffered a monetary loss by the sale of his beneficial interest, it is not the kind of injury that would entitle him to injunctive relief.

■■ The trial court in this case denied the injunction because of a want of equity and courts in vacating or granting injunctions are vested with large discretionary power. (*Bernard Bros., Inc. v. Deibler* (1945), 326 Ill. App. 538, 542, 62 N.E.2d 248.) We have closely scrutinized the facts and

concluded that plaintiff's rights were not violated and that he sustained no injury. Therefore, he is not entitled to the relief he is seeking. Consequently, we hold that the trial court did not abuse its discretion and was correct in denying plaintiff's complaint for injunctive relief.

For the foregoing reasons, the decision of the circuit court dismissing plaintiff's complaint for want of equity is affirmed.

Affirmed.

BURMAN and DIERINGER, JJ., concur.