ARTHUR SHERIDAN, Plaintiff-Appellant, v. PARK NATIONAL BANK OF CHICAGO, Defendant-Appellee.

First District (4th Division)    No. 81-79

Opinion filed June 18, 1981.

Robert C. Thomas, of Main & Thomas, of Chicago, for appellant.

Albert E. Arnstein, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This cause comes before us on an interlocutory appeal. Arthur Sheridan, plaintiff, filed suit against Park National Bank of Chicago (hereafter Park National) for declaratory judgment (Ill. Rev. Stat. 1979, ch. 110, par. 57.1) to determine whether the parties in creating a land trust created a mortgage. Plaintiff also sought a preliminary injunction to

restrain defendant Park National from selling the interest of plaintiff pending the determination of the case on the merits. The trial court denied the preliminary injunction.

On appeal, plaintiff presents the issue of whether the trial court erred in denying his motion for a preliminary injunction to maintain the status quo pending a decision on the merits.

We affirm.

The facts reveal that on October 1, 1959, plaintiff, a real estate developer and builder, conveyed title to certain land improved with a gas station and located at the southeast corner of 62nd Street and Central Avenue, in Chicago, into Land Trust No. 23358 at LaSalle National Bank. On January 22, 1973, plaintiff conveyed certain vacant land to LaSalle National Bank into Land Trust No. 45322; said land is located at the northwest corner of Blackhawk and Schmidt Roads in Bolingbrook, Illinois.

On January 25, 1973, Park National was assigned, as security, the beneficial interest in Trust No. 45322 when it made a loan to plaintiff for $83,000. The assignment of the beneficial interest in Trust No. 23358 to Park National occurred when plaintiff borrowed funds from Park National to retire a debt owed to D. R. Beaumont and Company. Beaumont had loaned plaintiff the funds to purchase the property held in Land Trust No. 23358.

During the course of dealings between plaintiff and defendant over the past 15 years, plaintiff borrowed money from Park National and gave the bank as collateral security an assignment of the beneficial interests in the land trusts referred to above. Plaintiff has increased his indebtedness to Park National to $250,701.40 plus interest.

When plaintiff defaulted in payments on the notes due, defendant sought to sell the beneficial interests in the land trusts. On September 24, 1980, plaintiff filed his complaint for declaratory judgment and other relief in the circuit court of Cook County, alleging that the sale of the beneficial interests in the trusts would deny him the protections of the Mortgage Act (Ill. Rev. Stat. 1979, ch. 95, par. 23) including the right of redemption. Plaintiff also filed a motion for a temporary restraining order seeking to prevent defendant from selling the properties held in the land trusts. A copy of the proposed notice of sale sent by defendant to plaintiff was made part of plaintiff's motion.

On September 26, 1980, the temporary restraining order was granted. On October 17, 1980, plaintiff's motion for a temporary restraining order was withdrawn. On October 23, 1980, plaintiff renewed his motion for a temporary restraining order. The temporary restraining order was reinstated, and a date was set for a hearing on the issuance of a preliminary injunction. On November 20—21, 1980, the hearing on the preliminary

injunction was held. On December 2, 1980, the trial court entered its order denying plaintiff's motion for a preliminary injunction. This appeal followed.

Plaintiff contends that the trial court erred when it denied the preliminary injunction that would prevent defendant's sale of his property. Further, plaintiff asserts that without a preliminary injunction he will suffer irreparable injury and his remedy at law is inadequate due to defendant's attempt to sell his interests and to deny him a right of redemption.

It is established that an injunction is an exceptional remedy which is not granted as a matter of course, but only with great caution and only when plaintiff's right to such relief is clearly established. (*Plasti-Drum Corp. v. Ferrell* (1979), 70 Ill. App. 3d 441, 452, 388 N.E.2d 438, 447.) As stated in *Shefner v. University National Bank* (1976), 40 Ill. App. 3d 978, 981, 353 N.E.2d 126, 129:

> "In order to authorize an injunction, there must be a clear showing of violation of the rights of the complainant and it must also appear that there is a specific injury by reason of such violation. [Citations.]"

The granting or denial of an injunction is within the discretionary powers of the court, and its decision on the matter will not be reversed unless an abuse of discretion is shown. *Shefner*, at 981-82.

The facts in this case do not establish that plaintiff's rights were violated, nor do they establish that he was injured. Plaintiff signed the notes and defaulted on them. The assignment notes executed by plaintiff specifically gave Park National the right to exercise any remedies available to it under the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 9—504). Defendant's right to sell the beneficial interests to pay the debts due is not the kind of injury that would entitle plaintiff to injunctive relief.

The law is well settled in Illinois that the beneficial interest under a land trust is personal property (*Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50, 236 N.E.2d 425, 428), and the assignment of that beneficial interest to secure a note does not convert it into a real estate mortgage so as to permit a right of redemption. (See *Horney v. Hayes* (1957), 11 Ill. 2d 178, 142 N.E.2d 94.) The principles applicable to acquiring a security interest in the beneficial interest in an Illinois land trust are those applicable to acquiring a security interest in personalty. (See *Shefner v. University National Bank* (1976), 40 Ill. App. 3d 978, 353 N.E.2d 126.) The creation of a security interest in personal property is governed by article 9 of the Illinois Uniform Commercial Code. Ill. Rev. Stat. 1979, ch. 26, par. 9—101 *et seq.*

The facts in the instant case reveal that plaintiff assigned his bene-

ficial interests, which was personal property, not real property, in land trusts as collateral to secure debts. Plaintiff defaulted on the notes and his beneficial interests were to be sold by Park National. In order to be entitled to a right of redemption, real estate must first be involved, and that was not the case here. See *Shefner*, at 981.

We have closely scrutinized the facts and conclude that plaintiff's rights were not violated. Consequently, we hold that the trial court did not abuse its discretion and was correct in denying plaintiff's complaint for injunctive relief.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed and the cause remanded for further proceedings.

Affirmed and remanded.

JIGANTI and LINN, JJ., concur.