In re ESTATE OF SIDNEY ALPERT, Deceased.—(MICHAEL H. ROTMAN, Adm'r of the Estate of Sidney Alpert, Appellant, *v.* LILA JONES, Appellee.)

First District (1st Division)    No. 80-2489

Opinion filed December 14, 1981.

Glenn C. Fowlkes, of Evins, Fowlkes, Boyd & Gant, of Chicago, for appellant.

Eric E. Graham, of Chicago (William H. Laws, of counsel), for appellee.

JUSTICE McGLOON delivered the opinion of the court:

This is a dispute over the distribution of the estate of Sidney Alpert, who died testate on January 9, 1979. At the time of his death, decedent owned a home in Skokie, Illinois in joint tenancy with his wife, Nettie

Alpert. The joint tenancy property was held in a land trust at the American National Bank & Trust Company of Chicago (American National Bank).

Two months before he died, decedent borrowed $50,000 from the First National Bank of Lincolnwood (Bank of Lincolnwood). As security for the loan, decedent and his wife assigned to Bank of Lincolnwood their beneficial interest in the land trust.

Decedent's will was admitted to probate on March 6, 1979. The will provided as follows:

> "Subject to any contrary provisions, if any, of any trust agreements executed by me during my lifetime, I direct my executor to pay out of the residue of my probate estate the following obligations:
>
> * * *
>
> III. All indebtedness owed by me at the time of my death except such indebtedness as then is secured by a mortgage of real estate."

A codicil was admitted to probate on the same day as the will. The codicil devised a parcel of real estate to Mrs. Lila Jones. Specifically, the codicil provided:

> "First I give, devise and bequeath all my interest in and to the building located at 814-22 West 76th Street, Chicago, Illinois and I direct my Executor after all my debts and taxes are paid and funeral bill, to see to it that Mrs. Lila Jones gets all the interest that I have in said building."

The probate assets in decedent's estate, which included the real estate devised to Lila Jones and some outstanding accounts receivable are estimated to be worth approximately $30,000. The claims and debts of the estate are estimated to be approximately $90,000. As a result, the probate assets are insufficient to satisfy the claims and debts of the estate.

A claim was allowed in favor of Bank of Lincolnwood for $50,000, the full amount of the loan to decedent and his wife. Lila Jones, the devisee of the real estate which is the subject matter of the codicil, argued in the trial court that the assets of the land trust should be inventoried as probate assets to satisfy Bank of Lincolnwood's claim. The trial court ordered that Bank of Lincolnwood's claim should be satisfied solely and specifically against the property held in land trust at American National Bank. The administrator of the estate appeals. We reverse.

The issues on appeal are: (1) whether property held in a land trust and in joint tenancy becomes a probate asset upon the death of the co-tenant; and (2) whether a collateral assignment of the beneficial interest in a land trust creates a mortgage on the real estate.

First, we must decide whether the joint tenancy property held in land trust at American National Bank became a probate asset upon the death of Sidney Alpert. The legal characterization of the joint tenancy property

as a probate or nonprobate asset is of great practical significance. If we determine that the property is a nonprobate asset, the only probate asset against which Bank of Lincolnwood could satisfy its $50,000 claim is the building devised to Lila Jones, valued at approximately $30,000.

■■ One of the essential characteristics of a joint tenancy is the right of survivorship, that is, the right of the survivor to take the whole of the estate upon the death of the cotenant. (*Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 451, 150 N.E.2d 144.) The surviving tenant takes joint tenancy property under the instrument by which the tenancy was created and not under the laws of intestate succession. (13 Ill. 2d 443, 451; *Klajbor v. Klajbor* (1950), 406 Ill. 513, 518, 94 N.E.2d 502.) As a result, the property does not become part of the probate estate. 4A Powell, Law of Real Property, ch. 51, "Ownership in Joint Tenancy," par. 619.1 (1981).

■■ In the case at bar, Sidney Alpert owned his family home in joint tenancy with his wife Nettie. Upon his death, title vested in Nettie by operation of law. Clearly, Mrs. Alpert's interest in the residence, by virtue of her right of survivorship, did not become part of the probate estate.

Second, we must consider Lila Jones' contention that the assignment of beneficial interest in the land trust to Bank of Lincolnwood created an equitable real estate mortgage. Jones maintains that since the transaction gave Bank of Lincolnwood a real property interest, the trial court order directing Bank of Lincolnwood's claim to be satisfied against that property was correct.

■■■ A trustee of an Illinois land trust has both legal and equitable title. (*Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50, 236 N.E.2d 425; *Chicago Federal Savings & Loan Association v. Cacciatore* (1961), 33 Ill. App. 2d 131, 138, 178 N.E.2d 888, *aff'd* (1962), 25 Ill. 2d 535, 185 N.E.2d 670.) A beneficiary's interest in an Illinois land trust is personal property and not real property. (*Horney v. Hayes* (1957), 11 Ill. 2d 178, 183, 142 N.E.2d 94; *Shefner v. University National Bank* (1976), 40 Ill. App. 3d 978, 980, 353 N.E.2d 126; *Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50, 236 N.E.2d 425; but cf. *In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 376 N.E.2d 259 (In *McGaughey*, the assignee of the beneficial interest in the land trust was also the trustee of that trust).) It follows that an assignee of a beneficial interest in an Illinois land trust acquires only an interest in personal property. The transaction does not give the assignee a direct interest in the realty *res* of the trust. See 11 Ill. 2d 178; 40 Ill. App. 3d 978; 94 Ill. App. 2d 43.

■■ The Alperts' assignment of their beneficial interest in the land trust to Bank of Lincolnwood for purposes of securing a mortgage gave Bank of Lincolnwood a personal property interest only. We therefore reject Lila Jones' argument that the assignment to Bank of Lincolnwood created an equitable real estate mortgage and reverse the trial court's order directing

Bank of Lincolnwood's claim to be satisfied solely and specifically against the joint tenancy property held in land trust at American National Bank. We note that even if we were to accept Jones' arguments that the Alpert home was a probate asset and that the transaction created an equitable mortgage, a reversal of the trial court's order would still be appropriate, for decedent's will expressly excludes the payment of any real estate mortgage from the probate assets of his estate.

For the foregoing reasons, we reverse the order of the circuit court of Cook County.

Order reversed.

O'CONNOR, J., concurs; CAMPBELL, P. J., dissents.