(No. 56238.—)

*In re* ESTATE OF SIDNEY ALPERT, Deceased (Lila Jones, Appellant, v. Michael Rotman, Adm'r, Appellee).

*Opinion filed March 25, 1983.*

378

Marianne Jackson of Marianne Jackson, Ltd., of Chicago, for appellant.

Michael H. Rotman, of Rotman, Medansky & Elovitz,

Ltd., of Chicago, *pro se.*

JUSTICE CLARK delivered the opinion of the court:

Sidney Alpert died testate on January 9, 1979. On March 6, 1979, Michael Rotman, as administrator *de bonis non* with the will annexed of the estate, filed the will for probate in the circuit court of Cook County, probate division.

On May 11, 1979, a codicil to the will of Sidney Alpert was admitted to probate.

At the time of decedent's death, he held joint tenancy property in trust with Nettie B. Alpert, his wife, at the American National Bank and Trust Company of Chicago, as trustee under trust No. 40976.

Prior to his death, decedent signed a 90-day note for $50,000 to the First National Bank of Lincolnwood, and both he and his wife made a collateral assignment of the entire beneficial interest in the trust to secure the note. The decedent borrowed the money to refinance a property he bought in Wisconsin. Subsequent to his death, the bank filed a claim against the estate which was allowed by the probate court and ordered satisfied solely and specifically against the trust, and not against any assets inventoried in the estate.

The dispute in this case therefore revolves around the question of whether the certificate of beneficial interest which was pledged as collateral for the $50,000 loan should be used to satisfy the obligation or whether the claim should be satisfied in part, first from the estate, since it appears that the only probate assets are real estate at 814-22 West 76th Street, Chicago, and some outstanding accounts receivable estimated to be in the amount of $30,000. The costs, taxes and debts of the administration will be approximately $90,000, including the $50,000 owed on the Skokie land trust property.

The codicil provided that Lila Jones, a partner with decedent in the 76th Street property, was to receive the in-

terest decedent had, after all debts, taxes, and funeral bills were paid. There are not enough probate assets to satisfy the claims and debts of the estate.

The probate court entered an order on August 18, 1980, which directed that the claim of the First National Bank of Lincolnwood should be satisfied solely and specifically against the joint tenancy property held in the land trust. The administrator appealed to the appellate court, which reversed (102 Ill. App. 3d 600). Lila Jones' petition for leave to appeal to this court was allowed. 73 Ill. 2d R. 315(a).

We affirm.

Ms. Jones first cites section 20—19 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 20—19) for the proposition that it prohibited a surviving tenant with an encumbered beneficial interest under a trust of real estate from having the encumbrance paid in whole or in part out of the decedent's probate estate. We must first therefore determine whether Nettie Alpert, the surviving tenant, possessed an encumbered beneficial interest in the Skokie real estate upon the death of her husband, Sidney Alpert. Neither the brief of the administrator nor the opinion of the appellate court addresses this issue, but in his oral argument before this court counsel for the administrator argued, and we agree, that the statute by its very terms is only applicable "Except as otherwise expressly provided by decedent's will ***." Ill. Rev. Stat. 1977, ch. 110½, par. 20—19.

The "First Article" of decedent's will directs his executor to pay out of the residue of his probate estate "All indebtedness owed by me at the time of my death except such indebtedness as [then] is secured by a mortgage of real estate."

The codicil provides that all debts are to be paid and places no limitations like those contained in the first article, paragraph III, of the will, as to any indebtedness

secured by a mortgage on real estate. Therefore, even if we were to construe the assignment by decedent and his wife, of their beneficial joint tenancy interest in the land trust, holding title to the Skokie property, to the First National Bank of Lincolnwood as collateral to secure a note, as an indebtedness secured by a mortgage, it would still be a debt which under the codicil is to be paid from the estate.

However, we agree with the appellate court that the joint tenancy property held in a land trust did not become a probate asset upon the death of Sidney Alpert. An estate in joint tenancy is one held by two or more persons jointly with equal rights to share in its enjoyment during their lives. One of the essential characteristics of the joint tenancy estate is the right of survivorship, which is the right of the survivor to take the whole estate on the death of the joint tenant. (*Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 451.) The surviving joint tenant does not take the share of the deceased joint tenant as his successor, but by rights under the conveyance which created the joint tenancy. "Since the surviving joint tenant succeeds to the interest of his cotenant on the latter's death by virtue of the form of the deed, the property does not become part of the probate estate." (4A R. Powell, Real Property par. 619.1 (1982).) Since a joint tenancy estate is not an estate of inheritance, the joint owner first dying has no interest which he can convey or devise. Title to the property held in joint tenancy takes precedence over the claim of a devisee, legatee, or heir, as the case may be. (*Eckardt v. Osborne* (1930), 338 Ill. 611, 615; *Klajbor v. Klajbor* (1950), 406 Ill. 513, 517; *Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443.) Upon the death of Sidney Alpert, title vested automatically in Nettie Alpert. A surviving joint tenant holds under the conveyance or instrument by which the tenancy was created and not under the laws regulating intestate succession. *Klajbor v. Klajbor* (1950), 406 Ill.

513, 518; *Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 451.

Next we must consider Lila Jones' contention that the assignment of the beneficial interest in the land trust to the Bank of Lincolnwood created an equitable real estate mortgage and therefore the claim should be satisfied against that property, and we must further consider the order of the probate judge that the claim of the First National Bank of Lincolnwood, which was allowed by him, "shall be satisfied solely and specifically against the American National Bank Land Trust No. 40978, and not against any assets inventoried in this instant estate."

A trustee of an Illinois land trust has both legal and equitable title. (*Chicago Federal Savings & Loan Association v. Cacciatore* (1962), 25 Ill. 2d 535, 543; *Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50.) A beneficiary's interest in an Illinois land trust is personal property and not real property. *Horney v. Hayes* (1957), 11 Ill. 2d 178, 183; *Shefner v. University National Bank* (1976), 40 Ill. App. 3d 978, 980; *Levine v. Pascal* (1968), 94 Ill. App. 2d 43, 50.

An assignment of a beneficial interest does not give the assignee a direct interest in the realty *res* of the trust. The assignment of the certificate of beneficial interest to the Bank of Lincolnwood did not create an equitable real estate mortgage.

Both Lila Jones and the administrator agree that the Bank of Lincolnwood is entitled to be reimbursed for its loan to Sidney Alpert, but disagree as to the source of reimbursement. For the reasons stated herein we affirm the appellate court and hold that the Bank of Lincolnwood's claim may not be satisfied solely and specifically against the joint tenancy property held in the land trust at the American National Bank.

*Judgment affirmed.*