123 Ill. App.3d 282 (1984)
462 N.E.2d 741
MELROSE PARK NATIONAL BANK, Plaintiff-Appellee,
v.
MELROSE PARK NATIONAL BANK, Trustee, et al., Defendants (COUNTRYSIDE BANK, Defendant-Appellant).
No. 83-1308.
Illinois Appellate Court  First District (4th Division).
Opinion filed March 29, 1984.
Rehearing denied May 8, 1984.
*283 Richards & Ralph Chartered, of Libertyville, for appellant.
Kolb & Grotto, Ltd., of Glen Ellyn, for appellee.
Judgment affirmed.
JUSTICE JIGANTI delivered the opinion of the court:
The issue central to this action is whether the security interest in a land trust possessed by the plaintiff, Melrose Park National Bank (Melrose), was a personal property security interest or an equitable mortgage. The beneficiaries of the land trust, who are not parties to this appeal, executed an assignment of their beneficial interest to Melrose, the trustee of the land trust, in order to secure a loan. When the beneficiaries did not pay certain notes which were secured by their assignment of beneficial interest, Melrose commenced an action to foreclose on the assignment of beneficial interest pursuant to the *284 Illinois mortgage foreclosure act. (see Ill. Rev. Stat. 1981, ch. 110, pars. 15-101 through 15-311.) Countryside Bank (Countryside), the defendant-appellant herein, was joined by Melrose as a defendant because Countryside had previously recorded a memorandum of judgment against a beneficiary of the land trust. In its initial complaint and in two amended complaints, Melrose characterized its security arrangement as an equitable mortgage. In its answer, Countryside alleged that its judgment lien had priority over Melrose's alleged equitable mortgage because the judgment lien was recorded prior to the deed in trust.
At this point of the proceedings the distinction between an equitable mortgage and a personal property security interest became important because a judgment lien, such as that possessed by Countryside, may attach to an equitable mortgage but not to a personal property security interest. (See generally Lindberg, Assignments of Beneficial Interests in Illinois Land Trusts as Security for a Debt, 70 Ill. B.J. 576 (1982).) Melrose filed a motion for summary judgment. In its memorandum of law in support of the motion, Melrose alleged for the first time that its security arrangement constituted a personal property security interest rather than an equitable mortgage. Furthermore, Melrose contended that the representations in its complaints characterizing its interest as an equitable mortgage were not binding admissions because they were conclusions of law.
The trial court heard oral arguments on the parties' cross-motions for summary judgment and found that Melrose possessed a personal property security interest, rather than an equitable mortgage, under the appellate court's interpretation of the Uniform Commercial Code in Quinn v. Pullman Trust & Savings Bank (1968), 98 Ill. App.2d 402, 240 N.E.2d 791. Consequently, Countryside acquired no lien rights by virtue of its memorandum of judgment. The order of summary judgment was later supplemented to include a decree of foreclosure and sale of the beneficial interest, and any right of redemption was thus lost.
Countryside now appeals and raises two issues for this court's review. First, Countryside argues that the trial court's interpretation and application of the Quinn case were erroneous as a matter of law. Second, Countryside contends that Melrose's characterizations in its complaints designating its security interest as an equitable mortgage are binding admissions.
We shall first consider Countryside's contention that the trial court misinterpreted Quinn v. Pullman Trust & Savings Bank (1968), 98 Ill. App.2d 402, 240 N.E.2d 791, when it concluded that Melrose *285 possessed a personal property security interest in the land trust rather than an equitable mortgage. Prior to discussing the Quinn case, however, we believe it necessary to examine the groundwork upon which Quinn is predicated and the Illinois Supreme Court cases within which Quinn finds its support.
 1, 2 In an Illinois land trust, both the legal and equitable title to the trust property lie with the land trust trustee. (In re Estate of Alpert (1983), 95 Ill.2d 377, 477 N.E.2d 796; People v. Chicago Title & Trust Co. (1979), 75 Ill.2d 479, 389 N.E.2d 540; Levine v. Pascal (1968), 94 Ill. App.2d 43, 236 N.E.2d 425.) A land trust thus differs from a conventional trust under which the trustee holds legal title and the beneficiary holds equitable title. (See generally Comment, Land Trustee as Secured Creditor: Fiduciary Duties Revisited, 1982 So. Ill. L.J. 249.) A land trust beneficiary retains what is referred to as a personal property interest (People v. Chicago Title & Trust Co. (1979), 75 Ill.2d 479, 389 N.E.2d 540; American National Bank & Trust Co. v. Ryan (1982), 106 Ill. App.3d 434, 436 N.E.2d 37); the beneficiary does not possess a direct interest in the real estate res of the trust. (In re Estate of Alpert (1981), 102 Ill. App.3d 600, 430 N.E.2d 181, aff'd (1983), 95 Ill.2d 377, 447 N.E.2d 796; First Federal Savings & Loan Association v. Pogue (1979), 72 Ill. App.3d 54, 389 N.E.2d 652.) A land trust beneficiary may assign or transfer his beneficial interest. The assignee of a beneficial interest in an Illinois land trust acquires only an interest in personal property; the transaction does not give the assignee a direct interest in the realty res of the trust. (In re Estate of Alpert (1983), 95 Ill.2d 377, 447 N.E.2d 796.) In other words, the principles applicable to acquiring a security interest in the beneficial interest of an Illinois land trust are those applicable to acquiring a security interest in personalty. (American National Bank & Trust Co. v. Ryan (1982), 106 Ill. App.3d 434, 436 N.E.2d 37; Sheridan v. Park National Bank (1981), 97 Ill. App.3d 589, 422 N.E.2d 1130; First Federal Savings & Loan Association v. Pogue (1979), 72 Ill. App.3d 54, 389 N.E.2d 652.) The creation of a security interest in personal property is governed by article 9 of the Illinois Uniform Commercial Code. Ill. Rev. Stat. 1981, ch. 26, par. 9-101 et seq.; see also First Federal Savings & Loan Association v. Pogue (1979), 72 Ill. App.3d 54, 389 N.E.2d 652.
 3 It has generally been held that the assignment of a beneficial interest to secure a note does not convert it into a real estate mortgage so as to permit a right of redemption. (American National Bank & Trust Co. v. Ryan (1982), 106 Ill. App.3d 434, 436 N.E.2d 37; Sheridan v. Park National Bank (1981), 97 Ill. App.3d 589, 422 *286 N.E.2d 1130; Shefner v. University National Bank (1976), 40 Ill. App.3d 978, 353 N.E.2d 126.) Similarly, a lien upon a beneficial interest in an Illinois land trust is not a lien upon the real property itself. First Federal Savings & Loan Association v. Pogue (1979), 72 Ill. App.3d 54, 389 N.E.2d 652; see also In re Romano (N.D. Ill. 1977), 426 F. Supp. 1123, and cases cited therein; Turner, Some Aspects of Beneficial Interests Under Illinois Land Trusts, 39 Ill. L. Rev. 216 (1945).
Although the body of case law discussed above appears to be well settled, it becomes necessary at this juncture to point out a certain tension which arises from time to time between a personal property security interest under the Uniform Commercial Code and an equitable mortgage subject to the right of redemption under Illinois mortgage law. "Every deed conveying real estate, which shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 95, par. 55.) Thus, if a deed in real estate is offered as security for a loan, it will be held to be an equitable mortgage under Illinois mortgage law. (See Schwartzentruber v. Stephens (1956), 8 Ill.2d 222, 133 N.E.2d 33.) In contrast, under the Uniform Commercial Code, if only the beneficial interest in a land trust, as opposed to a deed in real estate, is pledged as security for a loan, the resulting security interest may be held to be an interest in personalty. (See American National Bank & Trust Co. v. Ryan (1982), 106 Ill. App.3d 434, 436 N.E.2d 37; Sheridan v. Park National Bank (1981), 97 Ill. App.3d 589, 422 N.E.2d 1130; Shefner v. University National Bank (1976), 40 Ill. App.3d 978, 353 N.E.2d 126.) Although both situations are used to secure a loan, an equitable mortgage will be considered as an interest in real estate while the beneficial interest in a land trust may be considered as an interest in personalty. Thus, through utilization of the legal fiction of a land trust, a personal property security arrangement which is in substance indistinguishable from a mortgage, because both arrangements may be created as security for a loan, will be immune from attachment by certain types of equitable liens. An equitable mortgage is subject to the right of redemption and it may be attached by a judgment lien; a personal property security interest in a land trust is not subject to the right of redemption and judgment liens may not attach. These distinctions between equitable mortgages and personal property security interests become pertinent during the following discussion of case law distinguishing the two types of security arrangements.
In the midst of the line of case law which establishes a security interest in a land-trust beneficial interest as one in personal property, *287 the 1922 Illinois Supreme Court case of DeVoigne v. Chicago Title & Trust Co. (1922), 304 Ill. 177, 136 N.E. 498, occasionally arises and is distinguished by the courts. In DeVoigne, the court found a security interest in the beneficial interest in a land trust to be an equitable mortgage rather than an interest in personalty. In that case, the owners of a lot created a land trust to secure financing for the construction of a house. The trust agreement provided that if the owners paid the balance due within 60 days after completion of the work, the trustee would reconvey the legal and equitable titles to the owners. The trust agreement also stated that if the payment was not made, the trustee was to sell the land, as opposed to the beneficial interest, at a public auction. The court found that the trust instruments were intended by the parties to serve as a mortgage on the property and that an equitable mortgage had in fact been created. See also McClintock, Equity sec. 119 (2d ed. 1948) (equitable mortgages determined by intention of the parties).
DeVoigne was later distinguished by the Illinois Supreme Court in Horney v. Hayes (1957), 11 Ill.2d 178, 142 N.E.2d 94. In Horney, the court again looked to the intent of the parties but found, contrary to the DeVoigne case, that the security interest before it was one in the nature of a personal property interest. Perhaps the most critical fact which the Horney court utilized to assess the intent of the parties was that the trust agreement did not provide for the sale of the real estate upon default as it did in the DeVoigne case. The court also observed that the trust was not created as security for a debt; that the assignment of the beneficial interest occurred subsequent to the creation of the trust; and that the assignment concerned only the beneficial interest in the trust. The court found that these facts indicated that the parties intended to create a personal property security interest rather than an equitable mortgage.
In the cases coming after DeVoigne and Horney, the courts have generally followed the Horney holding to find that security interests in land trust beneficial interests are personal property interests rather than equitable mortgages. (See, e.g., In re Estate of Alpert (1983), 95 Ill.2d 377, 447 N.E.2d 796; First Federal Savings & Loan Association v. Pogue (1979), 72 Ill. App.3d 54, 389 N.E.2d 652; Shefner v. University National Bank (1976), 40 Ill. App.3d 978, 353 N.E.2d 126; Quinn v. Pullman Trust & Savings Bank (1968), 98 Ill. App.2d 402, 240 N.E.2d 791; Lawn Savings & Loan Association v. Quinn (1967), 81 Ill. App.2d 304, 225 N.E.2d 683; Lindberg, Assignments of Beneficial Interests in Illinois Land Trusts as Security for a Debt, 70 Ill. B.J. 576, 579-80 (1982); contra, Landino v. American *288 National Bank (1983), 120 Ill. App.3d 740.)
One such case which recognized a personal property security interest to be present was Quinn v. Pullman Trust & Savings Bank (1968), 98 Ill. App.2d 402, 240 N.E.2d 791, the case upon which the trial court based its decision in the case at bar. Quinn reiterated the four factual references which the Horney court cited to indicate that the security interest at issue was personal property rather than an equitable mortgage. The Quinn court thus found that because its trust agreements contained no provision for sale of the real estate subject matter of the trust on default; that because the land trust was set up for purposes other than as security for a debt; that because the pledge of the beneficial interest was subsequent to the creation of the trust; and that because the pledge security transaction was of the trust beneficial interest only, the transaction would not be construed to be a real estate mortgage. The court further characterized these four factual concerns of Horney to be "tests," the non-compliance with which "may constitute" a real estate mortgage.
This background discussion now leads us to the facts presented in the case at bar. The trust instruments between Melrose and the beneficiaries did not provide that the real estate subject matter would be sold if the beneficiaries were in default. Further, the security transaction concerned the land trust beneficial interest only and made no reference to the real estate res of the trust. These two facts are indicative of an intent to form a personal property security interest under Horney In contrast, Melrose admitted that the land trust was created as security for a debt. There is some dispute as to whether the pledge of the beneficial interest was subsequent to the creation of the trust; however, we note that the creation of the trust and the assignment of the beneficial interest occurred on the same day. These two facts are indicative of an intent to form an equitable mortgage under Horney.
 4 The thrust of Countryside's argument is that all four of the factual settings cited in Horney must be satisfied before a personal property security interest can be found to be present. We disagree. We do not think that the supreme court created any hard and fast "tests" in Horney and DeVoigne but rather set forth guidelines which may be used to garner the intent of the parties from the trust instruments. We believe that the facts in each case must be considered together and the court must decide whether, on balance, the facts are more indicative of an intent to create a personal property security interest or an intent to create an equitable mortgage.
 5 We believe that several cases following Horney and DeVoigne bear out our conclusion that Horney and DeVoigne did not set out *289 conclusive tests for determining the existence of a personal property security interest. For example, it has been repeatedly stated that the mere fact that an assignment of a beneficial interest secures a note will not convert a security interest into a real estate mortgage. (American National Bank & Trust Co. v. Ryan (1982), 106 Ill. App.3d 434, 436 N.E.2d 37; Sheridan v. Park National Bank (1981), 97 Ill. App.3d 589, 422 N.E.2d 1130; Shefner v. University National Bank (1976), 40 Ill. App.3d 978, 353 N.E.2d 126.) Similarly, in First Federal Savings & Loan Association v. Pogue (1979), 72 Ill. App.3d 54, 389 N.E.2d 652, the court stated that a mortgage may be present if the conveyance to a trustee is made merely as security for a loan and if the parties contemplated that the trustee would reconvey the property upon satisfaction of a debt. The court found that because these two facts were not present in the case before it, the security interest at issue was a personal property security interest. The court considered the facts to assess the intent of the parties and concluded that the parties had treated the security arrangement as a personal property interest and not as a mortgage. We find that the trial court in the case at bar had sufficient undisputed facts before it to conclude as a matter of law that the security arrangement at issue was a personal property interest.
 6 Countryside's second argument on appeal is that Melrose's characterizations in its complaints designating its interest as an equitable mortgage are binding admissions. We disagree. We believe that Melrose's representations were legal conclusions which were overridden by conflicting allegations of fact found in the complaints' exhibits. (See W.H. Lyman Construction Co. v. Village of Gurnee (1980), 84 Ill. App.3d 28, 403 N.E.2d 1325; Barger v. First National Bank (1941), 310 Ill. App. 628, 35 N.E.2d 556.) As we have already discussed, we think that the provisions of the trust agreements, which were attached as exhibits to the complaints, indicated the parties' intention to create a personal property security interest in a land trust. Thus, where the provisions of the trust agreements were in conflict with conclusions of law found in the complaints, the trust agreement exhibits controlled. We therefore cannot find that Melrose's representations constituted binding admissions.
For the foregoing reasons, we find that the trial court properly granted summary judgment in favor of Melrose.
Affirmed.
JOHNSON and ROMITI, JJ., concur.