**In re Floyd Vincent WAGHER, Debtor.**

**Bankruptcy No. 87–81920.**

United States Bankruptcy Court,
C.D. Illinois.

Jan. 5, 1988.

Barry M. Barash, Barash, Stoerzbach & Henson, Galesburg, Ill., for debtor.

Richard E. Barber, Galesburg, Ill., trustee.

## OPINION AND ORDER

WILLIAM V. ALTENBERGER,
Bankruptcy Judge.

The facts in this case are straightforward and not in dispute. The Debtor and his wife held property in joint tenancy. The wife died and title to the joint tenancy property passed to the Debtor. The Debtor then filed bankruptcy, and pursuant to Ill.Rev.Stat. ch. 110½, Para. 15–1 (1985), claimed an exemption of $10,000.00 from the joint tenancy property.

The Debtor cites *Matter of Sullivan,* 680 F.2d 1131 (7th Cir.1982) for the proposition a debtor's exemptions are not limited to those found in Ill.Rev.Stat. ch. 110, Para. 12–1001 (1985), but a debtor can rely on other chapters of the Illinois Revised Statutes as the basis for a claim of exemption. In the case before this Court, the Debtor is relying on Paragraph 15–1.

The trustee agrees the Debtor is not limited to the exemptions found in Paragraph 12–1001, but argues the Debtor does not fall within the scope of Paragraph 15–1 because Paragraph 15–1 is only applicable to property of the deceased wife's estate and title to the joint tenancy property passed automatically to the Debtor and did not become part of the deceased wife's estate.

Section 15–1(a) provides as follows:

"(a) The surviving spouse of a deceased resident of this State whose estate, whether testate or intestate, is administered in this State, shall be allowed as the surviving spouse's own property, free from execution, garnishment or attachment in the hands of the representative, such a sum of money as the court deems reasonable for the proper support of the surviving spouse for the period of 9 months after the death of the decedent in a manner suited to the condition in life of the surviving spouse and to the condition of the estate and such additional sum of money as the court deems reasonable for the proper support, during such period, of minor and adult dependent children of the decedent who reside with the surviving spouse at the time of decedent's death. The award may in no case be less than $5,000, together with an additional sum not less than $1,000 for each such child. The award shall be paid to the surviving spouse at such time or times, not exceeding 3 installments, as the court directs. If the surviving spouse dies before the award for his support is paid in full, the amount unpaid shall be paid to his estate. If the surviving spouse dies or abandons a child before the award for the support of a child is paid in full, the amount unpaid shall be paid for the benefit of the child to such person as the court directs.

The issue presently before this Court was not decided by the Seventh Circuit Court of Appeals in the *Matter of Sullivan.* In that case the court had before it the issue of whether the Bankruptcy Code section permitting states to "opt out" of the scheme of federal exemptions was constitutional. By way of preliminary analysis of the Illinois Exemption provisions, the court noted the primary state provisions were found in Paragraph 12–1001, but that other provisions of the Illinois Revised Statutes could also be applicable. In its analysis the court did not mention Paragraph 15–1 as being one of those provisions.

It has long been the law in the State of Illinois that property not a part of a decedent's estate is not subject to a surviving spouse's award. *Hallbeck v. Stewart,* 69 Ill.App. 255 (1897). It is also the law in the State of Illinois that a surviving joint tenant takes joint tenancy property under the instrument by which the tenancy was created and not under the laws of intestate succession, and thus the property does not

become part of the probate estate. *In re Alpert's Estate*, 102 Ill.App.3d 600, 58 Ill. Dec. 239, 430 N.E.2d 181 (1981). Therefore, inasmuch as the property from which the Debtor seeks to claim an exemption is not part of the deceased wife's estate it is not subject to a claim of exemption under Paragraph 15–1.

IT IS, THEREFORE, ORDERED that the trustee's objections to Debtor's "Motion for Allowance of Surviving Spouse's Award" be and the same is hereby ALLOWED.